Rajwinder KAUR, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–72517.
Agency No. A73–413–488.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided March 9, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeF'evre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, BEAM,** and PAEZ, Circuit judges.

## MEMORANDUM ***

Rajwinder Kaur ("Kaur") petitions for review of the decision of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") order denying her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1). We deny the petition.

The IJ determined that Kaur did not qualify for asylum or withholding of deportation because the IJ found that her testimony was not credible.[1] The IJ based this

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable C. Arlen Beam, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Here, the BIA adopted the adverse credibility finding made by the IJ. "When the BIA adopts an IJ's findings and reasoning, we review the IJ's opinion as if it were the opinion of the BIA." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999).

determination on observations of Kaur's demeanor while testifying and on the numerous incongruities and implausibilities in her testimony. We review adverse credibility determinations for substantial evidence. *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). "Inconsistencies in the petitioner's statements must go to the heart of [her] asylum claim to justify an adverse credibility finding." *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002) (internal quotation marks omitted). "We give special deference to a credibility determination that is based on demeanor." *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (internal quotation marks omitted).

Here, the IJ gave "specific, cogent reason[s] for its disbelief" relating to the nonverbal aspects of Kaur's testimony. *Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001) (internal quotation marks omitted). In a separate and detailed discussion of Kaur's demeanor, the IJ pointed out that when INS counsel cross-examined Kaur, especially about elections in India in the early 1990s, Kaur "became extremely hesitant" in her answers and "became agitated and claimed to not be feeling well." By contrast, the IJ found Kaur's testimony on direct examination to be "quick and direct" and "given with ease." While "most witnesses are uncomfortable and nervous when being cross-examined ... we defer to [the IJ's] ability to differentiate between the usual level of anxiety and Petitioner's behavior...." *Singh–Kaur v. INS,* 183 F.3d at 1151. Here, the record supports the IJ's negative assessment of Kaur's demeanor.

Among the many substantive irregularities in Kaur's testimony, the IJ pointed to conflicting testimony about which days and how often Kaur was beaten by the local police. The IJ also found it highly suspicious that Kaur, who claimed to be a member of the All–India Sikh Student Federation ("AISSF") and who claimed to give talks on behalf of the organization, knew so little about Indian politics. These discrepancies go directly to the heart of Kaur's claim—that she was arrested and beaten by local police authorities on account of her political affiliation with the AISSF.

Because substantial evidence in the record supports the IJ's adverse credibility determination, no reasonable fact-finder would be compelled to reach a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, Kaur's petition for review is denied.

PETITION DENIED.

PREGERSON, Circuit Judge, dissenting.

I would grant the petition to remand the case to the BIA for several reasons. First, I find that none of the inconsistencies raised by the IJ go to the heart of Kaur's asylum claim and none of them represent an attempt by Kaur to exaggerate her claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (finding that inconsistencies that do not "go to the heart of [an] asylum claim" do not warrant adverse credibility finding); *Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000) (rejecting adverse credibility finding based on inconsistencies regarding which day beating occurred during period of imprisonment). Second, I believe that it is incorrect to conclude that knowledge of particular facts about the hierarchy and election politics of the AISSF is a prerequisite to asylum based on membership in that group. Speculation about what a petitioner should know can never replace substantial evidence. *Maini v. INS,* 212 F.3d 1167, 1175 (9th Cir.2000). Finally, I believe the memorandum is too deferential

to the IJ's finding on demeanor. An IJ's credibility determinations are not immunized from review simply because they concern a witness's demeanor. *Paredes–Urrestarazu v. U.S. INS,* 36 F.3d 801, 817 (9th Cir.1994) ("Special deference [to an IJ's findings on demeanor] does not imply a complete absence of judicial scrutiny.").

Accordingly, I respectfully dissent.